UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CYNTHIA R. MAY and
HAROLD C. BALDAUF,

      Plaintiffs,                                     Case Number 06-11309-BC
                                                        Honorable Thomas L. Ludington
v.

DEBBY RUYAN; EDEN, INC., an Ohio
corporation; HEMTECH HOLDING, SA,
a Swiss corporation; B and B PHARMA
HOLDING, SA, a Swiss corporation; CERNELLE,
SA, a Swiss corporation; AB CERNELLE, a
Swedish corporation; PHILLIPE ROHRER;
BERNARD KRAMER; FERNDINAND A.
VAN DUIJVENBODE; JOHN DOE; JANE DOE,

      Defendants.
_____/

## ORDER PARTIALLY GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, GRANTING DEFAULT AS TO DEFENDANT EDEN, INC., AND DIRECTING ADDITIONAL BRIEFING

On March 29, 2006, Plaintiffs filed a complaint. Plaintiffs' Complaint [dkt #1]. The proof of service from the Ohio Secretary of State, dated April 13, 2006, recites that the state received service of summons, notice or demand as the statutory agent for Defendant Eden, Inc. (Eden). *See* Certificate of Summons/Service Returned Executed [dkt #3]. Per Ohio Revised Code § 1701.07(H), the service was then forwarded via certified mail to the address of any statutory agent, any address of the corporation, any address shown on the company's last franchise tax report filed in Ohio, and any different address set forth in the affidavit. *Id*. As of this date, Defendant Eden has not answered or otherwise defended against this complaint.

Plaintiffs moved for default judgment as to Defendant Eden under Federal Rule of Civil Procedure 55(b). Federal Rule of Civil Procedure 12(a)(1)(A) provides, "Unless a different time is

prescribed in a statute of the United States, a defendant shall serve an answer . . . within 20 days after being served with the summons and complaint . . . ."  Thus, Defendant Eden has failed to plead or otherwise defend in this case.  *See* Fed. R. Civ. P. 55(a).

In their motion for dismissal, Plaintiffs also requested the following additional relief: that this Court "find that the [j]udgment in Eden, Inc. v. Jtech Laboratories, Inc., filed in the Common Court of Pleas, Licking County, Ohio, Case No. 02-CV-00335RJS and Certificate of Judgment as well, are void *ab initio* and issue an order directing the Clerk of the Licking County, Ohio Common Pleas Court to void the judgment and certificate of judgment filed in that action." Plaintiffs' Motion for Default Judgment Against Defendant Eden, Inc. (Plaintiffs' Motion), p. 7. [dkt #7].

Plaintiffs allege that Defendant Eden filed the lawsuit that resulted in the Ohio state court judgement, falsely alleging a loan by Eden to JTech Laboratories, Inc (JTech).  *Id*.; *see also* Plaintiffs' Complaint, ¶ 86.  Plaintiffs allege that they are shareholders, officers, and directors of JTech.  Plaintiffs' Motion, p. 3.  Plaintiffs also allege that John Tramontana was also a shareholder, president, chairman, and director of JTech and was married to Defendant Debby Ruyan.  *Id*.; Plaintiffs' Complaint, ¶ 86.

JTech's sole asset is a building and real property located in Johnstown, Ohio.  Plaintiffs' Motion, p. 3.  Plaintiffs signed personal guarantees of a $750,000 loan to JTech from National City Bank to build the building.  *Id*.  Plaintiffs' counsel represented that the property is not and has not been occupied for some time.  Plaintiffs further allege that Eden was owned and controlled by Tramontana and Defendant Ruyan, who served as its president.  Plaintiffs' Motion, p. 3; Plaintiffs' Complaint, ¶ 86.  Plaintiffs further allege that Tramontana had an interest (113 shares) in Eden as of 1991.  Plaintiffs' Motion, p. 4 & Ex. H.

Regarding Eden, Inc. v. JTech Laboratories, Inc., Common Court of Pleas, Licking County, Ohio, Case No. 02-CV-00335RJS, Plaintiffs contend that Defendant Ruyan initiated the suit by Eden. Plaintiffs' Complaint, ¶¶ 86 & 91. Plaintiffs allege that Tramontana arranged to receive service of process for Eden, rather than Eden's statutory agent. Plaintiffs' Motion, p. 4 & Ex. G; Plaintiffs' Complaint, ¶ 86. Plaintiffs further allege that Tramontana did not notify the other directors or shareholders of JTech, including Plaintiffs, of that litigation. Plaintiffs' Motion, p. 4.

Plaintiffs also contend that Tramontana retained an attorney for JTech without Plaintiffs' knowledge and directed him not to provide a defense in that litigation. *Id.*; Plaintiffs' Complaint, ¶ 91. Finally, Plaintiffs also assert that Tramontana directed JTech's attorney not to oppose Eden's motion for summary judgment. Plaintiffs' Complaint, ¶ 93. On April 30, 2002, a judgment entered against JTech for $233,932.74. Plaintiffs' Complaint, Ex. K. On that same date, Eden filed a certificate of judgment to place a lien on JTech's real property. Plaintiffs' Complaint, Ex. L. Plaintiffs have not alleged that either party to those proceedings pursued an appeal.

Plaintiffs' motion for default judgment as to Eden was scheduled for hearing on October 18, 2006. David Petitjean and John Decker appeared on behalf of Plaintiffs. Mariann Butch, representing Defendant Debby Ruyan, was present solely to protect Defendant Ruyan's challenge to the exercise of personal jurisdiction over Ms. Ruyan. A conference was held in chambers addressing the immediate matter and its relationship to cases involving similar parties and similar claims (civil actions 03-10291, 02-10012, 02-10234), which have recently been dismissed with prejudice pursuant to a settlement agreement. *See* Order Pursuant to Settlement Agreement, Permanent Injunction, and Order Dismissing Actions with Prejudice in *A.B. Cernelle v. Graminex, L.L.C.*, 03-10291 (Sept. 29, 2006). JTech is not a party to this case. The Court was informed that

sometime in 2004 Mr. Tramontana died.

No party had yet addressed the question of whether the federal court may void a state court judgment. *See ExxonMobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005); *see also Coles v. Granville*, 448 F.3d 853 (6th Cir. 2006). Specifically, no party has addressed the interrelation of Ohio law regarding void judgments and federal subject matter jurisdiction.

Accordingly, it is **ORDERED** that the Clerk shall enter the default of Defendant Eden.

It is further **ORDERED** that Plaintiffs' motion for entry of a default judgment as to Defendant Eden [dkt #6] is taken under advisement.

It is further **ORDERED** that the parties are **DIRECTED** to provide additional briefing on or before **November 13, 2006** regarding the issues of (1) how, or if, the *Rooker-Feldman* doctrine affects the additional relief requested by Plaintiffs, i.e., declaring a state court judgment void and directing a state court to void a judgment and a certificate of judgment; and (2) Plaintiffs' standing to request that relief.

It is further **ORDERED** that the issues pertaining to the additional requested relief in Plaintiffs' motion for default judgment as to Defendant Eden is scheduled for hearing on **November 20, 2006** at 1:30 p.m.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 20, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 20, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

---