UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CYNTHIA R. MAY and
HAROLD C. BALDAUF,

        Plaintiffs,

                                      Case Number 06-11309-BC
v.                                   Honorable Thomas L. Ludington

DEBBY RUYAN; EDEN, INC., an Ohio
corporation; HEMTECH HOLDING, SA,
a Swiss corporation; B and B PHARMA
HOLDING, SA, a Swiss corporation;
CERNELLE, SA, a Swiss corporation;
AB CERNELLE, a Swedish corporation;
PHILLIPE ROHRER; BERNARD KRAMER;
FERDINAND A. VAN DUIJVENBODE;
JOHN DOE; JANE DOE,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION
## FOR DEFAULT JUDGMENT AS TO DEFENDANT EDEN

On July 28, 2006, Plaintiffs filed a motion for default judgment as to Defendant Eden, Inc.

(Eden) under Federal Rule of Civil Procedure 55(b). On October 20, 2006, this Court ordered entry

of default as to Defendant Eden. As recited in that order, Plaintiffs have represented to the Court

that a fraud occurred during earlier litigation before an Ohio state court between JTech Laboratories

(JTech) and Eden.

As stated at greater length in that order, Plaintiffs allege that John Tramontana, while he

maintained an interest in JTech, caused Eden, in which he also maintained an interest, to secure a

judgment and judicial lien against JTech's sole asset, real property in Johnstown, Ohio. Plaintiffs

further represent that Tramontana did not inform the other officers and directors of JTech of that

litigation and directed the attorney for JTech not to oppose summary judgment in that litigation.

1:06-cv-11309-TLL-CEB   Doc # 25   Filed 11/27/06   Pg 2 of 3   Pg ID 363

Defendant Eden has not, as of this date, made an appearance or responded before this Court.

As stated on the record, the Court satisfied itself that Plaintiffs do have standing to challenge the purported fraud in the Eden-JTech litigation and that the *Rooker-Feldman* doctrine creates no bar to Plaintiffs' claims. Plaintiffs have standing as guarantors of the construction loan for the building on JTech's property. As modified by *ExxonMobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291 (2005), the *Rooker-Feldman* doctrine bars a federal district court from exercising jurisdiction when "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." But an independent claim, such as fraud, even if disposition of that claim requires a legal conclusion contrary to that reached in a state court, may proceed. *See e.g., Todd v. Weltman, Weinberg, & Reis Co., L.P.A.*, 434 F.3d 432, 437 (6th Cir. 2006) (refusing to foreclose jurisdiction where a plaintiff pleaded an injury based on a false affidavit).

Here, the accusations of irregularities in the state court proceedings suffice to show a likelihood that those irregularities affected the state court's decision. Those allegations remain uncontested by Defendant Eden, and taken as true, those allegations show that a fraud occurred on both the court and on JTech in the Eden-JTech litigation. Thus, the judgment and judicial lien that issued in that Ohio proceeding is without force or effect. *See Patton v. Diemer*, 518 N.E.2d 941, 944 (Ohio 1988); *Kurtz v. Kurtz*, 503 N.E.2d 322, 325-326 (Ohio Ct. App. 1992); *Rondy v. Rondy*, 468 N.E.2d 81, 84 (Ohio Ct. App. 1983).

Accordingly, it is **ORDERED** that Plaintiffs' motion for default judgment as to Defendant

Eden [dkt #6] is **GRANTED**.


                                        s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

Dated: November 27, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on November 27, 2006.

                        s/Tracy A. Jacobs
                        TRACY A. JACOBS

---