UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CYNTHIA R. MAY and
HAROLD C. BALDAUF,

        Plaintiffs,

                                            Case Number 06-11309-BC

v.                                           Honorable Thomas L. Ludington

DEBBY RUYAN; EDEN, INC., an Ohio
corporation; HEMTECH HOLDING, SA,
a Swiss corporation; B and B PHARMA
HOLDING, SA, a Swiss corporation;
CERNELLE, SA, a Swiss corporation;
AB CERNELLE, a Swedish corporation;
PHILLIPE ROHRER; BERNARD KRAMER;
FERDINAND A. VAN DUIJVENBODE;
JOHN DOE; JANE DOE,

        Defendants.
_____/

**ORDER DENYING DEFENDANT RUYAN'S MOTION TO DISMISS**
**AND SETTING SCHEDULING CONFERENCE**

On October 11, 2006, Defendant Debby Ruyan filed a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Plaintiffs submitted an affidavit from Cynthia May stating that Defendant Ruyan twice traveled to Michigan to solicit Plaintiffs' investment in a business entity that was later formed as a Michigan limited liability corporation. The affidavit states that Defendant Ruyan made representations regarding the demand for the product that the to-be-formed entity would produce. Also, Plaintiffs personally guaranteed the building loan used for construction on the Ohio property and received that loan from a Michigan bank.

The parties make competing representations as to the nature of Defendant Ruyan's two trips to Michigan. Yet a court does not weigh the contrary assertions of the party seeking dismissal under

Rule 12(b)(2); instead, the court must rely on the specific facts alleged by the plaintiff, who bears the burden of establishing personal jurisdiction. *See CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (citations omitted).

Plaintiffs represent that Defendant Ruyan twice traveled to Michigan to meet to solicit Plaintiffs' formation of a business that, when organized, was a Michigan limited liability corporation. Plaintiffs also documented that they secured a loan from a Michigan bank to finance that business. Thus, Plaintiffs have met the threshhold to establish Defendant Ruyan's purposeful availment of the privilege of doing business in Michigan. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-476 (1985); *Neogen Corp. v. Neo Gen Screening, Inc*., 282 F.3d 883, 889 (6th Cir. 2002). Accordingly, this Court concludes that Plaintiffs have established that Defendant Ruyan had sufficient "minimum contacts" with Michigan so that the exercise of jurisdiction over her would not offend traditional notions of fair play and substantial justice and comports with Michigan's long-arm statute, Mich. Comp. Laws § 600.507.

Accordingly, it is **ORDERED** that Defendant Ruyan's motion to dismiss for lack of personal jurisdiction [dkt #14] as to Defendant Ruyan is **DENIED**.

It is further **ORDERED** that a scheduling conference is set for **December 19, 2006** at 2:00 p.m.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: November 27, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 27, 2006.

        s/Tracy A. Jacobs
        TRACY A. JACOBS