UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CYNTHIA R. MAY and
HAROLD C. BALDAUF,

        Plaintiffs,

v.

DEBBY RUYAN; EDEN, INC., an Ohio
corporation; HEMTECH HOLDING, SA,
a Swiss corporation; B and B PHARMA
HOLDING, SA, a Swiss corporation;
CERNELLE, SA, a Swiss corporation;
AB CERNELLE, a Swedish corporation;
PHILLIPE ROHRER; BERNARD KRAMER;
FERDINAND A. VAN DUIJVENBODE;
JOHN DOE; JANE DOE,

        Defendants.
_____/

Case Number 06-11309-BC
Honorable Thomas L. Ludington

**ORDER GRANTING IN PART DEFENDANT RUYAN'S MOTION
FOR DEFAULT AS TO DEFENDANT EDEN,
DIRECTING PLAINTIFFS TO DISCLOSE DOCUMENTS ABOUT SERVICE
OF PROCESS ON DEFENDANTS AB CERNELLE AND VAN DUIJVENBODE
AND TO ARRANGE DEPOSITION OF SWEDISH COUNSEL,
DIRECTING DEFENDANT RUYAN TO RESPOND TO DEFENDANTS
AB CERNELLE AND VAN DUIJVENBODE'S CROSS-MOTION TO DISMISS,
DENYING DEFENDANT RUYAN'S MOTION TO COMPEL,
DIRECTING THE PARTIES TO MEET AND CONFER,
DIRECTING PLAINTIFFS TO FILE AN AMENDED COMPLAINT,
AND STAYING DISCOVERY**

On July 10, 2007, the Court held a hearing attended by counsel for Plaintiffs Cynthia May and Harold Baldauf, Defendant Debby Ruyan, and Defendants AB Cernelle and Ferdinand van Duijvenbode. Scheduled for hearing were several motions: (1) Defendant Ruyan's motion for default judgment against Co-Defendants Eden, Inc. (Eden), AB Cernelle, and van Duijvenbode; (2) Defendants AB Cernelle and van Duijvenbode's cross-motion to dismiss all claims or to quash

service of process; (3) Plaintiffs' motion to dismiss Defendants AB Cernelle and van Duijvenbode; (4) Defendant Ruyan's motion to compel production of a settlement agreement; (5) Defendant Ruyan's motion to dismiss for failure to join indispensable parties; (6) Defendant Ruyan's motion to compel the production of documents and for an order barring the destruction or transfer of documents; and (7) Plaintiffs' motion to quash Defendant Ruyan's subpoenas and for a protective order. Because of the time constraints of managing the Court's docket, discussion of the final two listed motions that pertain to discovery was reserved for a subsequent time, after the resolution of the motions that seek to identify the parties properly before the Court in this litigation.

In the course of hearing argument on the several remaining motions, the Court granted Defendant Ruyan's motion for default judgment in part. Specifically, the Court granted default under Federal Rule of Civil Procedure 55 as to Defendant Eden, because Defendant Ruyan had completed service pursuant to Ohio Revised Code § 1701.07 and Defendant Eden did not timely answer Defendant Ruyan's cross-claim under Federal Rule of Civil Procedure 12(a). Defendant Ruyan's counsel is to draft and tender a proposed order specifying the relief to which Defendant Ruyan believes she is entitled, and Plaintiffs may submit objections.

As to Defendants AB Cernelle and van Duijvenbode, Defendant Ruyan argued that their counsel's signature on a stipulation to dismiss – that the Court rejected – constituted a general appearance by Defendant A.B. Cernelle, a Swedish corporation, and Defendant van Duijvenbode, a Swedish citizen. Defendant Ruyan further argued that their failure to timely answer from that date warranted entry of default judgment. The Court, however, agreed with opposing counsel that if the Court rejects a stipulation, then the stipulation is not a part of the record and does not constitute an appearance by the party. The Court, in fact, did reject Plaintiffs and Defendants AB Cernelle and

van Duijvenbode's draft stipulation by order on October 17, 2006.

The Court also directed Plaintiffs to disclose all documents pertaining to their representation that they successfully served Defendants AB Cernelle and van Duijvenbode on approximately April 21, 2006. This disclosure would include any documentation regarding Plaintiffs' Swedish counsel's responses. The Court also directed Plaintiffs' counsel to arrange for the telephonic deposition of their Swedish counsel and to permit counsel for Defendant Ruyan and for Defendants AB Cernelle and van Duijvenbode to participate.

Subsequent to that deposition and the release of related documents, all parties were directed to provide supplemental briefing on the following issues: (1) any factual issues pertaining to the alleged service of process on Defendants AB Cernelle and van Duijvenbode; (2) Swedish law regarding service of process; (3) the basis, under American law, for resolving possibly competing descriptions of foreign law; and (4) the availability, under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil Or Commercial Matters, 20 U.S.T. 361, of modes of service of process not provided for under Swedish law. Also, the Court directed Defendant Ruyan to file a response to Defendants AB Cernelle and van Duijvenbode's cross-motion to dismiss or to quash service.

Regarding Defendant Ruyan's motion for the production of the settlement agreement from prior litigation, Plaintiffs represented that they would stipulate to the release of that agreement, conditioned on the understanding that the agreement would be subject to a protective order to be agreed upon by the parties. Defendants AB Cernelle and van Duijvenbode had already filed a response indicating that they would permit the release of the settlement agreement. Counsel for Plaintiffs and Defendants AB Cernelle and van Duijvenbode represented that all the signatories to

that agreement were either present before the Court or had counsel who were. Copies of the settlement agreement were then provided to Defendant Ruyan's counsel and to the Court. The Court directed the parties to meet and confer to resolve the terms of the protective order.

At the Court's request, Plaintiffs agreed to file an amended complaint. The amended complaint will identify proper parties, cognizant of the terms of the settlement agreement from the prior litigation, and will include allegations describing Defendant Ruyan's responsibility for any claims advanced against her. Because of the outstanding issues regarding service of process and the anticipated amended complaint, the Court denied without prejudice Defendant Ruyan's motion to dismiss for failure to join indispensable parties, although she may refile it as circumstances warrant.

The Court further ordered a stay of discovery until the outstanding jurisdictional motions are resolved. Plaintiffs' counsel represented, as they had previously represented, that any documents in their (or their clients') possession would remain intact and available for discovery.

Accordingly, it is **ORDERED** that Defendant Ruyan's motion for default judgment as to Defendants Eden, AB Cernelle and van Duijvenbode [dkt #48] is **GRANTED IN PART**, to the extent of granting default as to Defendant Eden. The Clerk is **DIRECTED** to enter default on Defendant Ruyan's cross-claim as to Defendant Eden. Defendant Ruyan is **DIRECTED** to submit a draft judgment on or before **July 19, 2007**, and Plaintiffs shall file any objections on or before **July 26, 2007**.

It is further **ORDERED** that Plaintiffs must disclose all documentation pertaining to their allegedly successful service of their complaint on Defendants AB Cernelle and van Duijvenbode and that Plaintiffs shall arrange for a telephonic deposition of their Swedish counsel on or before **August 13, 2007**.

It is further **ORDERED** that the parties shall provide, on or before **September 26, 2007**, **SUPPLEMENTAL BRIEFING** on the following issues: (1) any factual issues pertaining to the alleged service of process on Defendants AB Cernelle and van Duijvenbode; (2) Swedish law regarding service of process; (3) the basis, under American law, for resolving possibly competing descriptions of foreign law; and (4) the availability, under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil Or Commercial Matters, 20 U.S.T. 361, of modes of service of process not provided for under Swedish law.

It is further **ORDERED** that Defendant Ruyan shall file a response to Defendants AB Cernelle and van Duijvenbode's cross-motion to dismiss or to quash service on or before **September 26, 2007**.

It is further **ORDERED** that Defendant Ruyan's motion to compel production of the settlement agreement [dkt #53] is **DENIED** as moot.

It is further **ORDERED** that the parties shall meet and confer to settle the terms of the protective order. Plaintiffs shall submit to the Court a draft protective order on or before **July 18, 2007**.

It is further **ORDERED** that Plaintiff shall file an amended complaint on or before **September 11, 2007**.

It is further **ORDERED** that Defendant Ruyan's motion to dismiss for failure to join indispensable parties [dkt #49] is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that discovery is **STAYED** until further order of the Court.

                                      s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge

Dated: July 12, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 12, 2007.

                                  s/Tracy A. Jacobs
                                  TRACY A. JACOBS