UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CYNTHIA R. MAY and
HAROLD C. BALDAUF,

        Plaintiffs,

                                                  Case Number 06-11309-BC
v.                                                Honorable Thomas L. Ludington

DEBBY RUYAN, EDEN, INC.,
ESTATE OF JOHN TRAMONTANA,
*Name and address of administrator*
*or legal entity unknown at this time,*

        Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT RUYAN'S MOTION TO DISMISS,
DISMISSING WITH PREJUDICE CLAIMS AGAINST DEFENDANT RUYAN
IN HER REPRESENTATIVE CAPACITY AND OF BREACH OF FIDUCIARY DUTY,
DISMISSING WITHOUT PREJUDICE "ESTATE OF JOHN TRAMONTANA,"
DENYING DEFENDANT RUYAN'S MOTION FOR SANCTIONS,
AND ORDERING PLAINTIFFS TO SHOW CAUSE REGARDING VENUE**

These protracted proceedings involve allegations of fraud in a series of financial transactions on an international scale for the manufacture, distribution, and sale of products made out of pollen. On December 17, 2007, the Court held a hearing on Defendant Debby Ruyan's motions to dismiss and for sanctions.

The most recent predicate for litigation between the parties includes Plaintiffs Cynthia May and Harold Baldauf and their allegation that they were fraudulently induced to agree to a variety of contracts concerning the manufacture, distribution, and sale of "nutriceutical powder," made from pollen. Defendant Ruyan was married to John Tramontana, who is now deceased and who allegedly masterminded the purported frauds.

Previously, the parties devoted substantial attention to the existence of service of process on a variety of international entities in Sweden, Switzerland, and other countries. Those issues have largely been set aside, although they do inform on Defendant Ruyan's motion for sanctions.

In an order of July 10, 2007, the Court permitted Plaintiffs to file an amended complaint, stating, "The amended complaint will identify proper parties, cognizant of the terms of the settlement agreement from the prior litigation, and will include allegations describing Defendant Ruyan's responsibility for any claims advanced against her."

On September 11, 2007, Plaintiffs filed an unsigned amended complaint. The complaint retains only two defendants, Defendant Ruyan and Defendant JTech, Inc. (JTech), from the litany of parties previously identified in Plaintiffs' original. The amended complaint also names as a defendant the "Estate of John Tramontana, Name and Address of Administrator or Legal Entity Unknown at this Time." Without any citation to law beyond the representation of Swiss counsel, Plaintiffs' counsel, at hearings, has consistently described this entity as not yet existing. Based on Plaintiff's counsel's explanation, no estate exists under Swiss law. Rather, Plaintiff's counsel represents, a proceeding has commenced whereby certain heirs of Tramontana could elect to take his assets, along with any associated claims, or to disclaim any entitlement to those assets and, of course, the related claims. If no one claims the assets, he maintains, then the Swiss legal entity will allocate them among the remaining claimants.

In the amended complaint, Plaintiffs allege that Tramontana "and/or Ruyan" or Tramontana "with the assistance and knowledge of Ruyan" did the following: (1) convinced Plaintiffs to purchase AB Cernelle for $8.2 million; (2) induced Plaintiffs to create Jericho II, L.L.C. to borrow that funding and then loan it to Hemtech Holding, S.A. (Hemtech) to purchase AB Cernelle; (3)

created an invoicing scheme to deplete the resources of AB Cernelle and Cernelle, S.A.; (4) proposed that Plaintiffs build a manufacturing plant to supply raw pollen to AB Cernelle; (5) falsely represented to Plaintiffs that AB Cernelle needed this source plant, that AB Cernelle had a contract to produce a product using the pollen, that AB Cernelle would pay $50 per kilogram for pollen, and that Defendant Ruyan was a pharmaceutical chemist; (6) proposed that Plaintiffs form Graminex, L.L.C. (Graminex) to supply the pollen; (7) intentionally misrepresented the likelihood of success in the Graminex business plan; (8) knew that AB Cernelle had given Graminex exclusive distribution rights when AB Cernelle signed a similar agreement with Eden, Inc. (Eden); (9) falsified AB Cernelle's financial statements to show profitability and provided them to Plaintiffs; (10) induced Plaintiffs to take out a loan to pay debts incurred by another of Tramontana's pharmaceutical companies, Bigmar, Inc. (Bigmar); (11) representing to Plaintiffs that payment of the Bigmar debt would result in funding to Graminex from AB Cernelle; (12) usurped control of AB Cernelle from Plaintiffs; (13) corresponded on behalf of Graminex to customers and directed customers to order from AB Cernelle rather than Graminex; (14) refused, on behalf of AB Cernelle, to pay for pollen from Graminex; (15) refused, on behalf of AB Cernelle, to provide products to Graminex; (16) terminated, on behalf of AB Cernelle, raw material and distributor contracts with Graminex; (17) injured Graminex by interfering with its customers, on behalf of AB Cernelle; (18) distributed AB Cernelle products, on behalf of AB Cernelle, with a Graminex logo; (19) took legal action, on behalf of AB Cernelle, against a Graminex distributor in Singapore; (20) mispresented the content of AB Cernelle products, on behalf of AB Cernelle, to foreign government authorities; (21) caused Bigmar, on behalf of Bigmar, to breach its lease to JTech; and (22) fraudulently pursued litigation against JTech, resulting in a lien on JTech's sole asset.

The amended complaint also asserts that Tramontana "with the knowledge and assistance of Ruyan," personally guaranteed a business loan to Graminex and that, with respect to the Bigmar dealings, Defendant Ruyan provided Tramontana with funds to perpetuate these assorted alleged schemes. Plaintiffs advance five state law claims against Defendants: (1) fraudulent inducement in the formation of Graminex; (2) conspiracy in the formation of Graminex; (3) fraud in securing judgment against JTech in litigation against Eden; (4) conspiracy in securing judgment against JTech in litigation against Eden; and (5) breach of fiduciary duty against Tramontana, allegedly with the assistance of Defendant Ruyan.

Also, on September 25, 2006, Plaintiffs entered into a settlement agreement in other litigation that involved substantially similar claims with a variety of the former defendants in this case. The parties to that agreement – which did not include Tramontana or Defendant Ruyan – agreed to dismiss the complaints in three related cases with prejudice, but this complaint remained. There, Plaintiffs also agreed:

> *[to] release, remise and forever discharge* Ferdinand van Duijvenbode, Cernelle, any of Cernelle's parent, subsidiary or affiliated companies, shareholders, directors and employees, . . . and *any of the releasees' representatives,* successors, attorneys and assigns, from *any an all causes of action,* rights of action, obligations, liabilities, judgments, debts, contracts and claims for compensatory, statutory or punitive damages of any kind or nature whatsoever, whether known or unknown, accrued or unaccrued, tangible or intangible, which Graminex, May, Baldauf and/or Cernelle Holding have, *may have or ever had against them as a result of any matter whatsoever from the beginning of the World* to the day of the date of this Settlement agreement, including, by way of example and without limitation, all claims that were or could have been asserted in the U.S. litigation; the [*action captioned <u>Cynthia R. May v. Debby Tramontana, et al.</u>, United States District Court for the Eastern District of Michigan, Civil Action No. 06-11309*], the Swedish Loan Litigation, the Swedish Trademark Litigation and/or the Press Release Case.

*Settlement Agreement*, Dft. Ruyan Br., Ex. 2, ¶ 2 (emphasis added.) The parties to this settlement agreement also ratified and terminated the raw materials and distributor contracts. *Id.* at ¶ 3.

As to Defendant Ruyan's motion to dismiss under Federal Rule of Civil Procedure 12, Defendant Ruyan advances the following arguments. First, she requests that the Court strike Plaintiff's amended complaint for failing to comply with the Court's order of July 12, 2007. She maintains that Plaintiffs have failed to amend their complaint in light of the above settlement agreement, instead only substituting the allegation that Defendant Ruyan assisted Tramontana for the prior allegation that she acted as a representative for AB Cernelle. She contends that Plaintiffs allege liability against Defendant Ruyan merely by using the phrase "and/or" in conjunction with actions taken by Tramontana and by insisting that she somehow "had knowledge and assisted him." Second, she argues that Plaintiffs have not further identified actions particular to Defendant Ruyan or described her involvement in fraud with the particularity required by Federal Rule of Civil Procedure 9(b). Third, Defendant Ruyan maintains that Plaintiffs have not established diversity jurisdiction, because the amount in controversy does not exceed $75,000, in part, because any amount in controversy cannot include injuries sustained by non-parties Graminex and JTech. Fourth, Defendant Ruyan asserts that, where Plaintiffs have previously insisted that Tramontana's Swiss "estate" does not exist and could not be joined to the action, Plaintiffs cannot state a jurisdictional amount in controversy in excess of $75,000, without the claim against Tramontana for breach of fiduciary duty. Further, the fiduciary duty claim must fail because the settlement agreement released any such claims against Tramontana.

Finally, Defendant Ruyan requests that the Court strike inflammatory pleadings advanced by Plaintiffs, under Federal Rule of Civil Procedure 12(f), given that many of them were previously released in the settlement agreement. She also requests sanctions based on these purportedly sham pleadings.

Plaintiffs respond with a variety of arguments, only some of which merit the Court's attention. Plaintiffs first assert that, because Defendant Ruyan has denied being a representative of AB Cernelle, the settlement agreement's bar to claims cannot apply to her. Second, the eventual termination of the raw materials and distributor agreements does not prevent liability from fraudulent inducement to enter those contracts. Third, Plaintiffs clarify that, notwithstanding the inclusion of some entity that might yet be Tramontana's Swiss estate, they have not added Tramontana's estate as a party. Any reference to Tramontana's so-called estate serves to form a predicate for the civil conspiracy allegedly engaged in by Defendant Ruyan with her now deceased husband. Fourth, rather than show that no possible set of facts exists on which Plaintiffs could sustain a claim, Defendant Ruyan has only asserted a variety of procedural deficiencies.

As to Rule 12(f), Plaintiffs object that their allegations are not impertinent or immaterial and have factual basis. As to whether the amended complaint contradicts the original complaint, pleading in the alternative does not create a factual inaccuracy. As to Rule 9(b), the amended complaint contains a variety of specific allegations as to the statements allegedly made and who allegedly made them. Regarding the jurisdictional amounts, Plaintiffs cite to a variety of figures, the sum of which well exceeds $75,000 (liability for a $8.1 million loan, real estate taxes for JTech of $50,000, and a judgment against Defendant Eden for over $233,000).

In the Court's view, Defendant Ruyan has shown that Plaintiffs can establish no possible facts in support of their claims against her – in a representative capacity for any AB Cernelle entity. The release in the settlement agreement expressly applies to "representatives" of AB Cernelle and to any claims of any type that Plaintiffs "have, may have, or may ever have," whether those claims were "known or unknown, accrued or unaccrued, tangible or intangible." Consequently, regardless

of whether Defendant Ruyan admits she was a representative of AB Cernelle or its related entities (and she does not), Plaintiffs have released any such claim against her.

This release, by its terms, however, does not extend to Defendant Ruyan in her individual capacity. Given the notice pleading provided for by the Federal Rules of Civil Procedure, Plaintiffs have advanced claims against Defendant Ruyan in her individual capacity. The myriad contentions that Defendant Ruyan "and/or" Tramontana engaged in a variety of allegedly detrimental activities, or that Tramontana so engaged with her "knowledge and assistance," suffices for this juncture in the proceedings. Regarding claims of fraudulent inducement, fraud in securing a judgment, or civil conspiracies toward those two objectives, Plaintiffs have alleged Defendant Ruyan's participation in those activities. While the facts may not substantiate Plaintiffs' claims, that issue is not before the Court on a motion to dismiss.

Plaintiffs cannot, however, pursue their fifth claim, of breach of fiduciary duty, against Defendant Ruyan. A breach of fiduciary duty claim can only be pursued against the holder of the fiduciary duty, i.e., the fiduciary. The allegation that Defendant Ruyan "assisted" Tramontana in his alleged breach does not establish a basis for pursuing that claim against her. Plaintiffs have not explained a legal basis for aider and abettor liability in civil proceedings. Although they do advance two claims of civil conspiracy against Defendants, those claims are for conspiracy in the formation of Graminex and for conspiracy in securing judgment against JTech in litigation against Eden. Thus, notwithstanding the fact that Plaintiffs incorporated their prior assertions by reference, Plaintiffs did not advance a civil conspiracy claim as to any alleged breach of fiduciary duty. Accordingly, the Court will dismiss Plaintiffs' claim of breach of fiduciary duty claim as to Defendant Ruyan.

As to the presence of the purported defendant "Estate of John Tramontana," the Court will dismiss without prejudice that possible entity as a defendant in the case. Plaintiffs concede that no such entity exists in their response brief. The Court is unaware of any basis for including an entity known not to exist but that might yet exist in the future as a party to litigation. Nor have Plaintiffs provided any such authority. Accordingly, the Court will dismiss the so-called "estate" from these proceedings.

The absence of the Tramontana "estate," however, does not alter the tabulation of the amount in controversy. Although the facts may not ultimately support Plaintiffs' allegations, they have asserted over $233,000 as the value of the purportedly fraudulent judgment secured against JTech. The amended complaint asserts that Defendant Ruyan's involvement by arranging for allegedly improper service on JTech and then participating in directing the attorney conduct in that litigation. Despite significant question as to whether the $8.1 million loan for the purchase of AB Cernelle, the sums of money involved in forming Graminex, or $50,000 of real estate tax from JTech could be linked to Defendant Ruyan's individual actions, the allegedly fraudulent judgment secured on the JTech property exceeds the jurisdictional threshold for diversity. Thus, the Court will not dismiss Plaintiff's amended complaint for failure to comply with the amount in controversy requirement of 28 U.S.C. § 1332.

Finally, Defendant Ruyan's request to strike some inflammatory pleadings may have some merit, but striking those pleadings need not result in the dismissal of the complaint. The amended complaint does retain a variety of allegations about her conduct on behalf of AB Cernelle or its related entities. In light of the settlement agreement's total release, this could be viewed as improper and inflammatory. Yet the many remaining allegations that could be construed to apply to her

personally would remain, rendering the selective striking of particular pleadings of little benefit to Defendant Ruyan and of little benefit to the Court's obligation to maintain a clear docket.

Separately, Defendant Ruyan seeks sanctions under Federal Rule of Civil Procedure 11. She maintains that Plaintiffs unnecessarily increased her costs by imposing on her the burden of establishing the validity of service on former Defendants van Duijvenbode and AB Cernelle. She contends that Plaintiffs' counsel has represented that they never inquired as to the legal basis for service in Sweden, even of their Swedish counsel. Defendant Ruyan further insists that Plaintiffs improperly sought to limit the scope of the Court-ordered deposition of Plaintiffs' Swedish counsel.

Plaintiffs first respond that Defendant Ruyan failed to seek concurrence, as required by E.D. Mich. LR 7.1(a). Next, Plaintiffs assert that they do have a reasonable basis in fact and law, such as relying on the representations of their Swedish counsel. They further insist, by describing in great detail, that they participated in making arrangements to have their Swedish counsel available for a deposition but acknowledge that they did not make arrangements for documents that do not exist, such as an analysis of service of process under Swedish law, available to Defendant Ruyan. Plaintiffs further itemize several purported delays and costs generating activities allegedly engaged in by Defendant Ruyan.

Regardless of the propriety of process in Sweden, it appears that Plaintiffs did seek to make arrangements to have their Swedish counsel available a deposition, as ordered by the Court on July 12, 2007. Plaintiffs also turned over to Defendant Ruyan the documentation relating to their service of process on some (now former) defendants. Plaintiffs thus complied with the Court's order. Despite the fact that Plaintiffs relied on the same method of service for their complaint as did Defendant Ruyan for her counterclaim, Defendant Ruyan has provided no further legal basis for

requiring Plaintiffs' assistance in establishing the legitimacy of the service that she employed. The Court will not here commence the unusual practice of sanctioning a party for not assisting the opposing party in establishing a procedural point as to her own case. Accordingly, the Court will deny Defendant Ruyan's motion for sanctions.

Finally, the Court will *sua sponte* raise the issue of venue as pleaded in Plaintiffs' amended complaint. Plaintiffs assert that venue is proper based on 18 U.S.C. § 1965. This assertion fails because that statute provides for venue and jurisdiction on a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq*. Plaintiffs, however, removed their RICO claim from their complaint by amendment. Plaintiffs also assert that venue is proper under 28 U.S.C. § 1391, because they are citizens of Michigan and because, they assert, a substantial portion of the events and the property are situated in Michigan. Based on the text of the statute, the citizenship of the defendants, not the plaintiffs, is relevant to venue. As to the alleged events, the allegations of events around the globe contains no further reference to events that occurred in the Eastern District of Michigan. The identified properties are in Ohio or Europe. None of the many allegations, at least in the amended complaint, suggest that the formation of Graminex occurred in the Eastern District of Michigan or that the alleged fraudulent judgment on a property in Ohio occurred in Michigan. Accordingly, the Court will order Plaintiffs to show cause why the case should not be dismissed for lack of venue.

Accordingly, it is **ORDERED** that Defendant Ruyan's motion to dismiss [dkt #85] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' claims in their amended complaint, to the extent those claims are against Defendant Ruyan in any representative capacity for AB Cernelle or any related entity, and of breach of fiduciary duty as to Defendant Ruyan are **DISMISSED**

**WITH PREJUDICE**. The entity identified by Plaintiffs as a defendant, "Estate of John Tramontana," is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that Defendant Ruyan's motion for sanctions [dkt #83] is **DENIED**.

It is further **ORDERED** that Plaintiffs show cause, in writing on or before **January 23, 2008**, why the case should not be dismissed for lack of venue.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: January 8, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 8, 2008.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS