UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CYNTHIA R. MAY and
HAROLD C. BALDAUF,

        Plaintiffs,

v.

DEBBY RUYAN, EDEN, INC.,

        Defendants.
_____/

Case Number 06-11309-BC
Honorable Thomas L. Ludington

## ORDER DENYING DEFENDANT RUYAN'S MOTION FOR RECONSIDERATION AND AMENDING COURT ORDER OF JANUARY 8, 2008

On January 8, 2008, the Court denied Defendant Debby Ruyan's motion to dismiss Plaintiffs Cynthia May and Harold Baldauf's amended complaint. On January 18, 2008, Defendant Ruyan timely filed a motion for reconsideration under E.D. Mich. LR 7.1(g).

Rather than recite the complicated and highly interrelated alleged connections between the parties, third parties, and their conduct in this case involving international business dealings to manufacture and distribute pollen-based products, the Court refers the reader to prior orders of the Court and to Plaintiffs' amended complaint. After the Court granted in part Defendant Ruyan's motion to dismiss, four claims remained against her, albeit only in her individual capacity: a claim of fraudulent inducement in the formation of Graminex L.L.C. (Graminex) and fraudulently securing a judgment against JTech, Inc. (JTech), as well as a civil conspiracy toward those two ends.

Defendant Ruyan has largely presented the same issues previously ruled upon by the Court. Indeed, much of her motion is devoted to contending that any claims involving a particular third party, AB Cernelle, are released pursuant to a settlement agreement in other litigation. In that settlement agreement, without reciting the particulars, Plaintiffs released claims against AB Cernelle

and its representatives or agents.  As the Court has already dismissed any claims predicated on Defendant Ruyan in a representative capacity, her insistence that Plaintiffs' claims against her cannot proceed because of those claims' connection to activities on behalf of AB Cernelle merely revisits the same issues.

On a motion to dismiss under Federal Rule of Civil Procedure 12, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff[s] *undoubtedly can prove no set of facts in support of [their] claims that would entitle [them] to relief.*"  *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996) (emphasis added).  Here, notwithstanding the language of the release in the other litigation, the possibility remains that Plaintiffs could show that Defendant Ruyan acted in her individual capacity.  For instance, Plaintiffs contend that she induced them to take out a loan to pay debts incurred by a company apparently unrelated to AB Cernelle, Bigmar, Inc. (Bigmar), and that she represented to Plaintiffs that payment of Bigmar's debt would result in funding to Graminex.  Additionally, Plaintiffs allege that she caused Bigmar to breach its lease to JTech and fraudulently pursued litigation against JTech, resulting in a lien on JTech's sole asset.  Further, in light of the numerous alleged interconnections between a variety of companies and the many and, at this juncture in the proceedings, unidentified possible ownership interests, the Court cannot conclude that no possible set of facts exists that would support Plaintiffs' remaining claims, i.e., that Defendant Ruyan acted in an individual capacity.  That the facts may eventually prove not to support Plaintiffs' contentions does not alter the analysis.

Defendant Ruyan also contends that the dismissal of the former defendant, the hypothetical entity the "Estate of John Tramontana," should have been with prejudice.  Defendant Ruyan

mistakes the basis for the Court's dismissal, conflating the dismissal with the terms of the settlement agreement in the other litigation. Regardless of what effect, if any, that settlement agreement has on the "Estate of John Tramontana," the dismissal of that so-called defendant did not result from the terms of the settlement agreement. Instead, the status of the "Estate of John Tramontana," which Plaintiffs acknowledge does not exist, warranted its dismissal. Because the entity does not exist, the Court lacks the authority to resolve claims against the non-entity with prejudice.

Finally, Defendant Ruyan does note an unfortunate scrivener's error in the Court's order of January 8, 2008. Although the case caption correctly recites the parties, including Defendant Eden, Inc. (Eden), the order misidentified JTech as a party on p. 2, ¶ 3. This misstatement, however, does not constitute a palpable defect by which a different disposition would occur. The tally of damages that exceeds the jurisdictional requirement of $75,000 alleges conduct involving JTech's property but does not require JTech to be a party. Instead, those damages count toward the jurisdictional requirement because they were allegedly sustained by Plaintiffs due to Defendant Ruyan's purported misconduct involving the JTech property.

Accordingly, it is **ORDERED** that Defendant Ruyan's motion for reconsideration [dkt #110] is **DENIED**.

It is further **ORDERED** that paragraph 3 on page 2 of the Court's order of January 8, 2008 is **AMENDED** to properly identify Eden, rather than JTech, as a defendant as follows:

> On September 11, 2007, Plaintiffs filed an unsigned amended complaint. The complaint retains only two defendants, Defendant Ruyan and Defendant Eden, Inc. (Eden), from the litany of parties previously identified in Plaintiffs' original. The amended complaint also names as a defendant the "Estate of John Tramontana, Name and Address of Administrator or Legal Entity Unknown at this Time." Without any citation to law beyond the representation of Swiss counsel, Plaintiffs' counsel, at hearings, has consistently described this entity as not yet existing. Based on Plaintiff's counsel's explanation, no estate exists under Swiss law. Rather,

Plaintiff's counsel represents, a proceeding has commenced whereby certain heirs of Tramontana could elect to take his assets, along with any associated claims, or to disclaim any entitlement to those assets and, of course, the related claims. If no one claims the assets, he maintains, then the Swiss legal entity will allocate them among the remaining claimants.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 5, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 5, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS