UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CYNTHIA R. MAY and
HAROLD C. BALDAUF,

        Plaintiffs,

                                                              Case Number 06-11309-BC
v.                                                       Honorable Thomas L. Ludington

DEBBY RUYAN, EDEN, INC.,

        Defendants.
_____/

**ORDER DISMISSING ORDER TO SHOW CAUSE,
DENYING DEFENDANT RUYAN'S MOTION TO DISMISS,
CANCELLING HEARING,
GRANTING PARTIES' MOTION TO EXTEND DATES,
AND AMENDING CASE MANAGEMENT AND SCHEDULING ORDER**

On September 11, 2007, Plaintiffs Cynthia May and Harold Baldauf filed an amended complaint. On January 8, 2008, the Court issued an order for them to show cause why the case should not be dismissed for lack of venue under 28 U.S.C. § 1391. On January 18, 2008, Defendant Debby Ruyan filed a motion to dismiss on those same grounds, presumably pursuant to Federal Rule of Civil Procedure 12(b)(3), despite its timing constraints.

Plaintiffs, in their responses to the order to show cause and to Defendant Ruyan's motion, note several aspects of their allegations that occurred in or have connections to Michigan and to the Eastern District of Michigan. Plaintiffs maintain that, due to Defendant Ruyan's purported conduct, they formed a Michigan limited liability company. They also state that meetings between the parties in advance of that company's formation occurred in Michigan. They state that financing that is at issue in the litigation occurred through a bank in Saginaw, Michigan. Plaintiffs maintain that collection efforts on that now-defaulted loan have commenced against them in Saginaw, Michigan.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

28 U.S.C. § 1391 provides for venue only in the following districts:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

*See also First of Michigan v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998) (stating that "any forum where a substantial part of the events or omissions giving rise to the claim arose . . . includes any forum with a substantial connection to the plaintiff's claim").

Here, Defendant Ruyan invites the Court to reach factual conclusions as to the likelihood of whether her communications and/or conduct could actually have served to induce Plaintiffs' formation of a limited liability company. Her allegations alone, particularly when contested by Plaintiffs, are insufficient to conclude the absence of venue in this judicial district. At least one of Plaintiffs' claims turns on the formation of that limited liability company, specifically the allegation that Defendant Ruyan fraudulently induced its formation. Importantly, that company was formed under Michigan law and at least one preliminary discussion about its formation occurred in Michigan. Consequently, notwithstanding allegations of conduct in Sweden, Switzerland, and Ohio, as well as the purported involvement of business entities formed under the laws of those respective jurisdictions and of the United Kingdom, a substantial part of the events giving rise to Plaintiffs' claims did occur in Michigan. Although Plaintiffs' Michigan residence and the allegations about

property in Ohio do not support finding venue in this district, neither do those points eliminate venue, where Plaintiffs claim that they were fraudulently induced to form a company and did so in Michigan.

Accordingly, it is **ORDERED** that the Court's order for Plaintiffs to show cause regarding the existence of venue is **DISMISSED**.

It is further **ORDERED** that Defendant Ruyan's motion to dismiss [dkt #111] is **DENIED**.

It is further **ORDERED** that the hearing scheduled for **March 25, 2008** at 4 p.m. is **CANCELLED**.

It is further **ORDERED** that the parties' joint motion to extend dates in the case management and scheduling order [dkt #121] is **GRANTED** and that the dates in the case management and scheduling order are **AMENDED** as follows:

- Expert disclosure, defendant **April 7, 2008**;
- Discovery cutoff **May 5, 2008**;
- Deadline for dispositive motions and motions challenging experts **May 23, 2008**;
- Pretrial disclosures under Rule 26(a)(3) **August 8, 2008**;
- Deadline for motions *in limine* **August 22, 2008**;
- Joint final pre-trial order & draft joint jury instructions deadline **September 16, 2008**;
- Final pre-trial conference **September 23, 2008** at 2:30 p.m.; and
- Trial **October 7, 2008** at 8:30 a.m.

The balance of the case management and scheduling order remains in full force and effect.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 20, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 20, 2008.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS